[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a negligence action by the operator of an automobile and four passengers against the operator and owner of the other vehicle, claiming personal injuries sustained by the five plaintiffs when the two vehicles came together and collided at an intersection. The plaintiffs also claim underinsurance motorist coverage provided by the insurer of the vehicle of the plaintiff operator Randal Farmer.
The defendants Christianson filed an apportionment complaint against the plaintiff operator Randal J. Farmer, claiming that his negligence was a cause of the collision and the injuries alleged to have been sustained by the four passengers. The plaintiff operator Randal J. Farmer moves to strike the apportionment complaint of the defendants on the basis that General Statutes § 52-102b permits apportionment complaints to be served "upon a person not a party to the action who is or may be liable `for a proportionate share of the plaintiffs damages.'" C.G.S. § 52-102b.
The apportionment complaint, returnable March 21, 2000 is by the defendant operator and owner Christianson to have apportionment of the passenger's claims between these defendants on the one hand and the plaintiff operator Randal Farmer on the other hand. Randal Farmer moves to strike. Naturally the passengers do not join in the motion. Generally in this type of moving vehicle accident it is in the best interest of the passengers to be neutral claimants so as to avoid the prospect of choosing the wrong defendant to sue and/or minimizing coverage. Hence what may be in the interest of the plaintiff operator may work to the detriment of the passengers as concerns the prosecuting of this motion to strike.
The court determines that General Statute § 52-102b allows an apportionment complaint by a defendant against a person who is not already a defendant in a negligence action. The purpose of the statute § 52-102b is to effectuate a sharing of the responsibility between potential tortfeasors, as set forth in the legislative directive and the public policy of General Statutes § 52-572h(c). The plaintiff Randall Farmer can point to no reason why the legislature would choose to exclude a motor vehicle operator from apportionment responsibility simply because he has chosen to be a plaintiff in the action. The intricacies of pleadings are such that realistically there is no other method to apportion liability for injuries to CT Page 5350 plaintiff passengers than is the method set forth in General Statutes § 52-102b, if the plaintiff passengers by reason of unwarranted loyalty or otherwise have not sued their operator.
Counsel, in one of the motions in the file, does recognize that there may be a conflict of interest in this situation of representation of both passenger and operator in this type of accident. Counsel is correct, as such dual representation is an inherent conflict, affecting each client in most circumstances of this nature, particularly where there are two moving vehicles. Where potential adversity exists, or surfaces, continued representation of either client poses serious ethical problems.
The court determines that the motion to strike is inappropriate and is denied.
The court calls to the attention of counsel the time constraints of General Statutes § 52-102b(d) as concerns the passengers, as this motion has taken up a significant amount of the time allowed under that statute. the passengers have a limited period of time if they are to assert claims against the plaintiff-apportionment defendant.
L. P. Sullivan, j.